**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re Lonny and Lisa Draper,<br><br>        Debtors., | No. CV 06-2860-PHX-DGC<br><br>**ORDER** |
| Lonny and Lisa Draper,<br><br>        Petitioners,<br><br>vs.<br><br>Roger W. Brown, Trustee,<br><br>        Respondent. | |

Pending before the Court are Petitioners' Motion for Withdrawal of Reference from Bankruptcy Court and Respondent's Motion for Entry into Property of the Estate for a Limited Purpose. Dkt. ##2, 4. The Court has reviewed the memoranda submitted by the parties. Dkt. ## 2, 4-6, 8. The Court will deny Petitioners' motion and grant Respondent's motion.

**I.      Background.**

On July 18, 2006, the United States Bankruptcy Court ruled that open-house viewings would be available for prospective buyers of Petitioners' home and that the Petitioners' failure to cooperate could result in eviction. Dkt. #2 at 5. Respondent, trustee of the bankruptcy estate, then apparently requested the Bankruptcy Court to allow a realtor to "inspect" the home before the sale. *Id*. at 6. On November 28, 2006, Petitioners filed the motion for withdrawal of reference from Bankruptcy Court to allow this Court to determine

1  whether such entry into the home prior to sale violated Petitioners' Fourth Amendment
2  rights.

3  In the meantime, Respondent agreed not to conduct an inspection of the house or
4  allow open-house viewings, without conceding that doing so would violate Petitioners'
5  Fourth Amendment rights. Dkt. #4 at 2. On December 7, 2006, Respondent prepared a
6  "Notice to Creditors and Parties-in-Interest of Public Auction." Dkt. #6, Ex. 1. The notice
7  did not mention the possibility of a home inspection. At the auction on January 20, 2007,
8  bidders were notified that the winning bid was contingent on a walk-through inspection and
9  an order from the Bankruptcy Court. Dkt. #4 at 2.

10  The winning bid on the house was $626,000. *Id.* After deducting various costs,
11  including the Debtor's homestead exemption, the sale will net about $119,000 for the benefit
12  of creditors. *Id.* A hearing for approval of the sale by the Bankruptcy Court is set for
13  February 22, 2007. Respondent is seeking an opportunity, prior to that date, to allow the
14  high bidder and an agent for the estate to conduct a walk-through inspection to ensure that
15  the interior of the house is in good condition and that there has been no waste to the property.
16  *Id.* at 3.

17  **II.    Analysis.**

18      **A.    Petitioners' Motion.**

19  The Court will deny Petitioner's motion for various reasons. First, to the extent that
20  the motion objected to open-house viewings by various prospective buyers and the pre-sale
21  inspection of the premises by a realtor, the motion is moot. Although the Bankruptcy Court
22  authorized such entry, Respondent did not seek to have a realtor inspect the home prior to
23  the sale or allow prospective bidders to tour the home. Rather, Respondent conducted the
24  auction without anyone having entered the home.

25  Second, while Petitioners correctly state that bankruptcy debtors in Arizona have a
26  homestead interest and that Arizona recognizes the Fourth Amendment, they provide no
27  authority for the notion that it is unconstitutional to require bankrupt debtors to allow
28  inspection of their house for the purpose of ensuring that the house is in good condition. The

1 cases Petitioners cite regarding entry into a home by law enforcement after the sale of a 2 property concern situations in which a judgment creditor forces a foreclosure sale of a home. 3 A bankruptcy situation is different because a trustee has taken control of the property to 4 dispose of it in the best interests of both the debtor and the bankruptcy estate. *See* 11 U.S.C. 5 § 704(1) (the trustee shall "collect and reduce to money the property of the estate for which 6 trustee serves, and close such estate as expeditiously as is compatible with the best interests 7 of parties in interest"). The Court finds judgment-creditor cases inapposite because, unlike 8 a bankruptcy trustee, the judgment creditor has no interest in the property until after the sale. 9 *See* 11 U.S.C. § 541(a)(1) (stating that an estate is comprised of "all legal or equitable 10 interests of the debtor in property as of the commencement of the case").

11 Petitioners also cite district court cases from other jurisdictions that have held that the 12 Fourth Amendment protects against unreasonable searches of a debtor's property to 13 determine if the debtor is hiding assets. Dkt. #2 at 11-12 (citing *In re Truck-A-Way*, 300 B.R. 14 31, 36 (E.D.Cal. 2003)). It is clear, however, that Respondent has never sought to search the 15 property to look for assets. Rather, Respondent has simply sought to inspect the home's 16 condition and provide potential bidders information about the property on which they are 17 bidding.

18 Petitioner's argument that his attorney has been involved in bankruptcy sales without 19 a home inspection does not mean that entry into the home is unconstitutional. The Court 20 finds it eminently reasonable that a debtor must open his home for inspection by the 21 bankruptcy trustee and the winning-bidder on the home. The Court will deny Petitioners' 22 motion.

23 **B.   Respondent's Motion.**

24 Respondent's motion seeks permission to enter the property for the limited purpose 25 of allowing the high-bidder to inspect the home before the sale becomes final. In opposition, 26 Petitioners assert the same constitutional arguments the Court has rejected above. Petitioners 27 also argue that the Court should not allow entry because the ability of the winning bidder to 28 conduct a walk-through inspection was not mentioned in the notice of public auction, but

1  rather was announced at the auction itself. Dkt. #6 at 3. Petitioners believe that allowing
2  such an inspection, without written notice prior to the auction, is a "taking without due
3  process of law." Dkt. #6 at 5. Petitioners claim that this lack of notice precluded them from
4  seeking court review of the terms of sale and that the right of inspection by the buyer was an
5  oral condition that was not a part of the sales contract.

6  Petitioners cite no authority for the proposition that they have the right to court review
7  of every term of sale they find objectionable. It is the trustee, not the debtors, who are
8  responsible for closing out the estate. *See* 11 U.S.C. § 704(1). The oral nature of the
9  permission might be relevant if a dispute arose between the winning bidder and the trustee,
10 but Petitioner has cited no authority to support the conclusion that Respondent was wrong
11 in orally agreeing to allow the winning bidder to conduct a walk-through inspection.

12 Finally, Petitioners argue that they are still the owners of the property and that
13 Respondent has not pointed to any authority showing that it is the legal owner of the
14 property. Plaintiff's own arguments, however, direct the Court to bankruptcy law that makes
15 clear that the estate owns the legal interests in the debtor's property, subject to exceptions
16 that Petitioners have not argued are applicable here. 11 U.S.C. § 541(a)(1); *see In re*
17 *Farmers Markets, Inc.*, 792 F.2d 1400 (9th Cir. 1986).

18 None of Petitioners' arguments persuade the Court not to allow Respondent, who
19 holds the legal interest in the home and must sell the home in discharging his duties as
20 trustee, to enter the property for a limited inspection. The Court will therefore allow a walk-
21 through inspection under the terms detailed below. This result is consistent with the
22 Bankruptcy Court's permission of an inspection of the home, which the Court has found does
23 not violate Petitioners' Fourth Amendment rights.

24 **IT IS ORDERED:**

25 1. Petitioner's motion (Dkt. #2) is **denied**.

26 2. Respondent's motion (Dkt. #4) is **granted**, subject to the following conditions:
27 An agent of the Estate and the winning bidder may enter onto Petitioners'
28 property for the purpose of a walk-through inspection of the interior upon 48

- 4 -

1
2
3
4

    hours notice to Petitioners. If such notice and inspection cannot take place before the hearing for the sale of the property on February 22, 2007, the hearing must be rescheduled or Respondent must sell the property without an inspection.

5

DATED this 20th day of February, 2007.

_____

David G. Campbell
United States District Judge

- 5 -