**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re Lonny and Lisa Draper, | ) | No. CV 06-2860-PHX-DGC |
| Debtors., | ) | **ORDER** |
| Lonny and Lisa Draper, | ) | |
| Petitioners, | ) | |
| vs. | ) | |
| Roger W. Brown, Trustee, | ) | |
| Respondent. | ) | |

Petitioners have filed motions to "Reopen Further Proceedings Regarding the Court's February 20, 2007 Order" (Dkt. #15) and to "Limit Entry Into Homestead to Confirmed Purchaser of That Property" (Dkt. #11). The Court has reviewed the memoranda submitted by the parties. Dkt. ##11, 13, 15. The Court will grant Petitioners' motion to reopen further proceedings. For the reasons set forth below, the Court will deny Petitioners' motion to limit entry into their homestead.

**I.   Background.**

After the first auction involving this property, Respondent sought permission from the Court to allow the high bidder and an agent for the estate to conduct a walk-through inspection of the property. The Court granted Respondent's motion and rejected Petitioners' arguments that allowing a walk-through inspection would violate Petitioners' Fourth Amendment rights or constitute a taking without due process of law. Dkt. #9. The Court did

1 not decide whether to permit open-house viewings of the property prior to the auction. 2 Although the Bankruptcy Court had previously allowed open-house viewings for prospective 3 buyers, Respondent decided only to seek permission for a post-auction viewing by the 4 winning bidder, whose deposit would be returned if the sale did not become final.

5 After conducting an inspection of the house, the winning bidder decided not to 6 purchase the property.  Contingent upon Bankruptcy Court approval, Respondent has 7 scheduled another auction on April 21, 2007, preceded by open-house viewings by 8 prospective bidders on April 14, 2007, between the hours of 12:00 p.m. and 4:00 p.m. 9 Petitioners have asked the Court not to allow the pre-sale open-house viewings, but rather 10 to limit entry into their home to the high bidder on the property.

11 **II.    Discussion.**

12 Petitioners concede that the Court reasonably decided to allow the previous high 13 bidder to conduct a walk-through inspection of their home. Dkt. #11 at 2-3.  They propose 14 that the Court permit future inspections only by a high bidder who agrees to forfeit his 15 deposit of 10% of the purchase price if he does not close the sale of the property for reasons 16 other than waste to the property. *Id*. at 4-5.  Petitioners contend that Respondent can provide 17 potential bidders information on the property based on the previous walk-through. *Id*.

18 Respondent argues that it has attempted to sell the property with minimal intrusion on 19 Petitioners, but that "[i]t is unreasonable in this market to assume that a final sale can be 20 consummated without a walk-through inspection by a purchaser." Dkt. #13 at 2. The Court 21 agrees that Respondent has attempted to sell the property in the least disruptive manner. 22 Although the Bankruptcy Court permitted open-house viewings before the first sale, 23 Respondent agreed to make an inspection available only to the high bidder.  That process did 24 not work, and the property remains unsold.  As the owner of the legal interests in Petitioners' 25 property (Dkt. #9 at 4), Respondent is reasonable in proposing open-house viewings prior 26 to the auction.  Respondent has decided that open-house viewings are the best way to 27 discharge his legal duty to dispose of the property in the best interests of both the debtor and 28 the bankruptcy estate. *See* 11 U.S.C. § 704(1); Dkt. #9 at 3.

Respondent states that allowing open-house viewings would eliminate the need for a walk-through contingency at auction and would allow the auction to proceed "AS IS/WHERE IS." Dkt. #13 at 3. The Court agrees, but notes that Respondent should not attempt to modify the terms to allow post-auction viewing or to return a high bidder's non-refundable deposit if the bidder decides not to purchase the property.

This order does not permit open-house viewings, but rather declines to limit entry into the property in the way Petitioners suggest. The open-house viewings and the second public auction are still subject to approval by the Bankruptcy Court.

**IT IS ORDERED:**

1. Petitioner's Motion for Limited Entry into Homestead (Dkt. #11) is **denied**.[1]
2. Petitioner's Motion to Reopen Case for Further Proceedings (Dkt. #15) is **granted**.

DATED this 26th day of March, 2007.

_____
David G. Campbell
United States District Judge

---

[1] Although Petitioners have not argued in this motion that open-house viewings prior to sale violate their constitutional rights, the Court sees no constitutional distinction between open-house viewings and the post-auction inspection it previously determined would not violate Petitioners' constitutional rights. *See* Dkt. #9.

- 3 -